**Sherman STEWARD, Movant-Appellant,**

v.

**STATE of Missouri, Defendant-Respondent.**

**No. 9357.**

Missouri Court of Appeals, Springfield District.

Sept. 12, 1973.

Wendell W. Crow, Ford, Ford & Crow, Kennett, for movant-appellant.

John C. Danforth, Atty. Gen., Daniel P. Card, II, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

HOGAN, Judge.

Sherman Steward was convicted of robbery in the first degree, as defined and denounced by § 560.120[1] and his punishment was assessed by the trial court at imprisonment for a term of 12 years pursuant to the Second Offender Act, § 556.-280. Steward did not appeal from the judgment of conviction, but in this post-conviction proceeding under Rule 27.26 asserted that his Sixth Amendment right to the effective assistance of counsel was infringed before, during and after his trial. The trial court conducted an evidentiary hearing, made extensive findings of fact, and denied Steward any relief. Steward appeals. We review those matters properly briefed. McQueen v. State, 475 S.W. 2d 111, 115 [4] (Mo. banc 1971).

The appellant's first assignment of error is that he was denied due process of law because he was not allowed to plead guilty.

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and Missouri Rules of Court (1973), V.A.M.R.

In his brief, the appellant maintains that he asked the trial court to permit him to plead guilty, but the trial court refused, although the prosecuting attorney had indicated that he would not invoke the Second Offender Act if defendant would enter a guilty plea, and, relying on that representation, appellant attempted to plead guilty but was denied his "constitutional right" to do so. The appellant alternatively raises the same issue in terms of the effective assistance of counsel by asserting that one of the attorneys appointed to represent him stated he believed a trial would result in appellant's conviction but nevertheless opposed appellant's attempt to enter a guilty plea, leading the trial court to deny appellant his "right" to plead guilty.

No such contention was made in the appellant's motion for postconviction relief. In fact, appellant's position in the trial court was that his appointed counsel and the Sheriff of Dunklin County had attempted to force him to plead guilty against his will. Because the point was not raised in the trial court, we may not review it, Maggard v. State, 471 S.W.2d 161, 162 [1] (Mo.1971), but if this point had been properly presented, it would be without merit. Our review of the record shows that on one occasion prior to trial, the appellant appeared in open court, expressed extreme dissatisfaction with his court-appointed attorney and demanded a jury trial. At that time, appellant advised the trial court that his attorney and the sheriff "come [sic] over there and said if I didn't plead guilty, [the sheriff] would let me lie in a cell block". Appellant requested time to obtain the services of another attorney, which was granted. Some time later, appellant again appeared in open court and announced that he was satisfied with his court-appointed counsel. He then told the trial court he thought he should plead guilty "though I don't feel in my heart I robbed this man because I was under the influence of alcohol." Such equivocal conduct required the trial court to enter a

plea of not guilty. Rule 25.04. As for the appellant's contention that he was denied some sort of "constitutional right", the law at present is that an accused has no absolute right to have a plea of guilty accepted, either in the courts of this State, Rule 25.04, or in the federal courts. Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 498 [4], 30 L.Ed.2d 427, 433 [8] (1971).

The appellant next accuses his court-appointed counsel of several serious breaches of duty in preparing for and conducting his trial. Here, the appellant maintains: a) that counsel failed to confer with him before trial; b) that counsel failed to conduct a proper voir dire examination of the veniremen called for jury duty; c) that counsel overheard the jury's deliberation prior to the return of the verdict and knew that the jury was "fixed", although appellant could not prove it, and d) that counsel did not poll the jury as to their verdict.

Appellant's counsel on appeal has carefully briefed this assignment as required by State v. Gates, 466 S.W.2d 681 (Mo. 1971), and the State has replied in kind. We might prolong this opinion by discussing each of the appellant's complaints comprehended in this assignment separately and in detail, but it seems scarcely necessary to do so. Examined against the record, which includes the trial transcript, the appellant's complaints are seen to be without substantial basis in law or in fact, as the trial court found. For example, appellant's assertion that the attorneys representing him were present in the jury room or overheard the jury's deliberation is based on his "opinion" formed from his observation that his attorneys left the courtroom and "shut [the door] behind them" while the trial court was in recess during the jury's deliberation. The evidence indicates that there are two doors leading out of the courtroom in which the appellant was tried. One opens into the jury room; the other leads to a library, where Dunklin County attorneys often go to have coffee and

await the jury's verdict. Both attorneys who represented the appellant during his trial testified that they went into the library for coffee while the jury deliberated, and the appellant himself testified that the jury and the attorneys left the courtroom through different exits. The day after the trial, one of the attorneys appointed to represent appellant went to see him, and appellant expressed the opinion that the jury had been "fixed". Counsel replied that there was "no proof of anything like that." The appellant's accusations of misconduct on the part of his appointed counsel vividly demonstrate the manner in which postconviction proceedings are being frivolously abused. The trial court has found that none of the appellant's complaints concerning his counsel's conduct of the trial are supported by the evidence, and we agree. Our independent examination of the record convinces us, however, that appellant's principal handicap at his trial was his own surly refusal to cooperate with the lawyers appointed to represent him, and that certainly cannot be made the basis of a claim of inadequate representation. Shaw v. United States, 403 F.2d 528, 529 [1, 2] (8th Cir. 1968).

The appellant further maintains that he was denied effective assistance of counsel because his court-appointed attorneys failed to object or move to strike identification testimony given by one Randy Thompson. Citing the "lineup" decisions, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the appellant argues that Thompson's identification evidence was based on an extrajudicial identificacation which, in the totality of circumstances, was so tainted and suggestive as to render Thompson's in-court identification inadmissible. Appellant further argues that his Sixth and Fourteenth Amendment right to have counsel present at the pretrial identification was infringed.

The robbery occurred in an establishment referred to as "Smith's Grocery". Thompson was present in the store to "[g]et [his] mother some wax" when the crime was committed. After the robber left the store, Mr. Orville Smith told Thompson the robber's name was "Toby Steward". Thompson had never before seen the appellant, and knew no Toby Steward. The name Tony Steward seems to have been an alias sometimes used by the appellant. Later, Thompson was shown a picture "with two men on it" by officers of the Missouri State Highway Patrol. The officers did not suggest that either man in the picture was the appellant.

The appellant's contention that he was entitled to have counsel present at the pretrial photographic display is without merit. No adversary judicial proceedings had been initiated against the appellant when the photograph was shown to the witness; therefore appellant's Sixth Amendment right to counsel had not yet attached. Kirby v. Illinois, 406 U.S. 682, 690–691, 92 S.Ct. 1877, 1882–1883 [3] [4], 32 L.Ed.2d 411, 418–419 (1972). There is no more merit in his argument that Thompson's identification testimony was inadmissible, and that he was deprived of the effective assistance of counsel because no objection or motion to strike that testimony was made. It is true as a general principle that the admission of identification evidence based on a pretrial photographic identification procedure so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification denies the accused due process, and constitutes error of constitutional dimension. Simmons v. United States, 390 U.S. 377, 382–384, 88 S.Ct. 967, 971 [1] [2, 3], 19 L.Ed.2d 1247, 1252–1253 [1] [2, 3] (1968). Nevertheless, as the *Wade* case itself holds, if the record demonstrates that the in-court identification had an independent source and was not based on the impermissibly suggestive pretrial identification, the admission of the in-court identification evidence is not error. State v. Williams, 448 S.W.2d 865, 868 [4, 5] (Mo.1970); State v. DeLuca, 448 S.W.2d 869, 873 [2] (Mo.

1970). Examination of Thompson's trial testimony demonstrates unequivocally that his in-court identification was based on his observation of the appellant while the robbery was taking place. Thompson described the appellant's actions and appearance at the scene of the crime while it was being committed. His identification of the appellant was completely independent of and untainted by the pretrial photographic display. If the pretrial identification procedure was improper—and we do not hold it was—counsel's failure to object to Thompson's trial testimony or to move to strike it furnishes no basis for a claim of ineffectiveness of counsel. Powell v. Wainwright, 460 F.2d 1056, 1058 [4] (5th Cir. 1972).

For the reasons indicated, the judgment is affirmed.

TITUS, C. J., and STONE, J., concur.

BILLINGS, J., took no part in the consideration or decision of this case.