**James Leroy WAGGONER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 9696.**

Missouri Court of Appeals, Springfield District.

Dec. 12, 1974.

David A. Geisler, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

James Leroy Waggoner, serving a 15-year sentence for robbery from Greene County following his 1971 plea of guilty, filed this post-conviction proceeding seeking to vacate the judgment and sentence. After an evidentiary hearing the trial court made findings of fact and conclusions of law and denied appellant's motion.

Appellant's motion, filed in January of 1974, alleged two grounds as basis for relief. First, appellant contended that his guilty plea was constitutionally infirm because involuntary and not intelligently made. Secondly, the motion states, "[M]ovant is the subject of a malicious prosecution . . . . Movant is the subject of a[n] evil intent." The second ground further alleged violations of the 5th, 6th, 8th and 14th Amendments to the United States Constitution.

By way of factual allegations in support of the first ground, appellant's motion averred that his attorney had promised him a sentence in the 5 to 8 years range if he pleaded guilty; that he was coerced and threatened with prosecution under the habitual criminal act by the prosecuting attorney if he did not enter a guilty plea to the charge and promised by this official that a guilty plea would result in the dismissal of other pending criminal charges; further, that he was not mentally competent to enter the guilty plea because at the time he appeared in court and pleaded guilty he was under the influence of a narcotic drug and alcohol. No factual allega-

tions were included in appellant's motion in support of his second ground and no evidence offered in support thereof at the hearing.

■ It would serve no useful purpose to again reiterate the applicable rules and decisions which are controlling in Rule 27.26 V.A.M.R., proceedings, other than to repeat that our appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

The record made at the time appellant entered his guilty plea is a part of the transcript filed herein. We initially note that the facts alleged by the appellant in support of his first ground are clearly refuted by the guilty plea record wherein the judge carefully and meticulously interrogated the appellant at length before accepting the guilty plea.[1]

■ We have reviewed the transcript in its entirety, together with the briefs of the parties. It is obvious that the lower court, in arriving at its findings and conclusions, did not believe appellant's testimony and, on the contrary, believed the evidence offered by the state in opposition thereto. We hold that the judgment is based on findings of fact which are not clearly erroneous. No error of law appears and an opinion would have no precedential value.

Affirmed pursuant to Rule 84 16.

HOGAN, C. J., and STONE, TITUS and FLANIGAN, JJ., concur.

---

1. See Smith v. State, 513 S.W.2d 407 (Mo. banc 1974), and Hogshooter v. State, 514 S.W.2d 109 (Mo.App.1974), on summary denial of Rule 27.26 motion where facts alleged in support of grounds are refuted by the guilty plea record.