Lawrence Harry WILLIAMS,
Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 36170.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 2, 1975.

James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., J. Paul Allred, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

This appeal is taken from an order of the circuit court denying movant's motion to vacate sentence pursuant to Supreme Court Rule 27.26. The 27.26 motion alleged two grounds which are asserted on appeal: 1) that movant was denied effective assistance of counsel in that his attorney persuaded him to waive his right of appeal without advising him of the consequences; and 2) that the conviction was based on prejudicial hearsay testimony. After reviewing the record and considering the issues raised, we affirm the order of the circuit court denying the motion to vacate.

Movant was convicted of first degree robbery by jury verdict entered April 16, 1965 and was sentenced under the Second Offender Act to 30 years imprisonment. On July 26, 1965, William J. Hough entered his appearance as attorney for movant and filed a motion to reduce sentence. Mr. Hough had been retained by movant's family and had held some preliminary conversations with movant prior to hearing on the motion to reduce sentence. The motion to reduce was granted on July 30, 1965. The results of the motion were that the 30 year sentence was reduced to 25 years, and it was provided that two other unrelated 10 year sentences movant had received were to run concurrently with the 25 year sentence. Movant thereupon filed a waiver of his right to appeal from the jury conviction of April 16, 1965.

Movant argues that he was denied effective assistance of counsel in that Mr. Hough persuaded him to sign the waiver without explaining the rights of appeal or the consequences of the waiver. The waiver which both movant and Mr. Hough signed in open court and for which movant was given a reduction in sentence reads:

> "By leave of court sought and obtained Defendant waives right to appeal and requests sentence as reduced by the court.
>
> (signed) Wm. J. Hough
> Atty. for Deft.
> (signed) Lawrence Williams"

Movant contends that the decision to waive appeal was the unilateral decision of Mr. Hough and was not a voluntary and intelligent waiver by movant of his constitutional right; that he had not read the waiver he signed. The only evidence in support of movant's position in this record is his own testimony;[1] Mr. Hough is deceased.[2]

In denying movant's motion to vacate sentence, the circuit court found that movant had knowingly waived his right for appeal for the purpose of reducing his sentence. Movant's testimony was rejected as being not credible, and the circuit court found that movant had not carried his burden of proof. It is the movant's burden to establish his grounds for Rule 27.26 post conviction relief. *Floyd v. State*, 518

---

1. Mr. Hough and movant both appeared before St. Louis circuit Judge Scott on the motion to reduce sentence, and at the time that Judge Scott announced that he was sustaining movant's motion to reduce sentence, movant, in direct response to a question asked by Judge Scott, acknowledged that there was no reason why the sentence providing for reduction of sentence should not be passed on. Judge Scott also ruled on this motion of movant for Rule 27.26 relief.

2. Mr. Hough died in 1966; movant filed his Rule 27.26 motion on September 17, 1971.

S.W.2d 700 (Mo.App.1975). And we are interdicted in our scope of review in this 27.26 appeal to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Dill v. State*, 525 S.W.2d 437 (Mo.App.1975); *Slankard v. State*, 525 S.W.2d 101 (Mo.App. 1975). There was no clear error here by the trial court. The only evidence in support of movant's position was his own testimony given before the same circuit judge who had ruled favorably on movant's motion to reduce sentence. The issue of credibility of movant's testimony should be decided by the court hearing it. *Campbell v. State*, 515 S.W.2d 453 (Mo.1974); *Powell v. State*, 528 S.W.2d 767 (Mo.App.1975). Further, the court may reject the testimony of the movant having a personal and scarcely impartial interest in the outcome of the proceeding, even though uncontradicted by the State. *Thurman v. State*, 523 S.W.2d 521 (Mo.App.1975); *Cooper v. State*, 520 S.W.2d 666 (Mo.App.1975). In considering movant's good faith and credibility, the court may consider that there has been, as in this case, a significant passage of time and death of one of the principals before effort was made to seek relief under Rule 27.26. *State v. Hurtt*, 509 S.W.2d 14 (Mo.1974); *Thurman v. State, supra; Hamel v. State*, 508 S.W.2d 288 (Mo.App.1974); *Rhoades v. State*, 504 S.W.2d 291 (Mo.App.1973). And even though the constitutional right of appeal is here involved, it is for the trial court to determine whether movant had knowingly and intelligently decided to waive his right to appeal after discussing the matter with his attorney. *Burnside v. State*, 473 S.W.2d 697 (Mo.1971). Here, the record perspicuously reveals that the State agreed to a reduction in sentence because of movant's agreement to waive right of appeal; that movant had discussed the reduction of sentence secured by his attorney and acknowledged that it was "not too bad;" that the trial court clearly pointed out that there was a reduction in sentence not only from a 30 to 25 year term but also to run concurrently with two nonrelated sentences which could have been consecutively served. We have no reason to disagree with the trial court's findings that movant knowingly and intelligently waived his right of appeal for a lesser imprisonment sentence.

Movant relies on *Rodriquez v. U. S.*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), which is not felicitous here, for in Rodriquez, the evidence was palpable that there was a deprivation of right of appeal. Not so in this case, as there is ample support for finding that movant intelligently waived his right of appeal for gain.

Movant also argues that his original conviction was based on prejudicial hearsay testimony, but there is no need for us to investigate the circumstances of this allegation. Even if the State made improper reference to hearsay, such would be trial error to have been argued on appeal. Improper reference to hearsay testimony is analogous to improper admission of evidence, which is trial error, *Agee v. State*, 512 S.W.2d 401 (Mo.App.1974), and mere trial errors are not cognizable in a 27.26 proceeding. *Lee v. State*, 526 S.W.2d 329 (Mo.App.1975); *Jewell v. State*, 515 S.W.2d 806 (Mo.App.1974); *McCrary v. State*, 529 S.W.2d 467 (Mo.App.1975). Further, a trial error cannot be brought within the scope of Rule 27.26 by alleging that an unfair trial resulted or that constitutional rights were thereby affected. *O'Neal v. State*, 486 S.W.2d 206 (Mo.1972); *Agee v. State*, supra.

Although movant is precluded by this decision from raising the prejudicial hearsay argument since appeal was waived, movant cannot complain or be heard on alleged trial errors affecting his constitutional rights where right to appeal, as here, has specifically been waived. "[O]ne may effectively waive a hearing on a constitutional question so that it may not be heard in a proceeding under Rule 27.26, even though that question has not been ruled upon . . . on direct appeal . . . ." *Nickens v. State*, 506 S.W.2d 381, 386 (Mo. 1974).

The order denying movant's motion to vacate sentence is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.