William Leslie MITCHELL, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9800.

Missouri Court of Appeals, Springfield District.

Jan. 9, 1976.

Motions for Rehearing or to Transfer to Supreme Court Overruled Jan. 28, 1976.

2.  Sec. 560.135, RSMo 1969.

John W. Sims, Marshfield, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

Movant, convicted of forcible rape, was sentenced to 12 years' imprisonment. On appeal, the judgment of conviction was affirmed. *State v. Mitchell,* 500 S.W.2d 320 (Mo.App.1973). The present appeal is from denial, after evidentiary hearing, of movant's motion to vacate and set aside the sentence. Rule 27.26, V.A.M.R.

Movant's points relied on centralize the preprosecution lineup conducted by the sheriff. He says: (I) the lineup procedures leading to movant's identification by the rape victim were so defective, unnecessarily suggestive and conducive to irreparable mistaken identification as to be constitutionally inadmissible and a denial of due process; (II) movant was refused his constitutional right to have counsel present during the lineup; (III) movant was denied effective assistance of counsel and a fair trial because court-appointed counsel failed to challenge the lineup by motion to suppress and did not challenge in-court identification made by the complaining witness.

The transcript of the criminal trial containing the in-court identification of movant by the complaining witness was not introduced at the postconviction hearing. Nevertheless, we take judicial notice of it for the same reasons expressed in *Layton v. State,* 500 S.W.2d 267, 269–270[4–8] (Mo. App.1973). While some of the in-court identification testimony is recited in the opinion filed on direct appeal (*State v. Mitchell,* supra, 500 S.W.2d at 321–322), we have again examined the transcript of the criminal trial and find no testimonial link between the lineup and the victim's in-court identification. In fact, no reference was

made to the lineup at the criminal trial, and at the postconviction hearing the alleged rape victim was adamant that her in-court identification was "most definitely" based upon her observations of movant on the day of the offense and was "not based at all upon the lineup."

■ The matter of illegal identification resulting from the lineup as claimed by movant was, at most, a subject for trial error. Where, as here, no objection was voiced at the rape trial regarding the victim's identification of movant as her assailant, and no reference to it was made in the motion for new trial or in the direct appeal, the issue as to whether movant was denied due process on the ground that circumstances of his identification were unduly suggestive, was not preserved for review in a proceeding to vacate the judgment of conviction under Rule 27.26, V.A.M.R. *Mooring v. State*, 501 S.W.2d 7, 10[1] (Mo. 1973).

■ Another answer to movant's complaints anent the lineup is that albeit the lineup identification is in some way suggestive or tainted, yet if there be an untainted positive in-court identification made upon a factual basis independent of the lineup, such in-court identification is proper. *State v. Rutledge*, 524 S.W.2d 449, 456[5] (Mo. App.1975). The rape victim's testimony provided evidence of that independent source. See also *State v. Warters*, 457 S.W.2d 808, 812–813[7] (Mo.1970); *State v. Williams*, 448 S.W.2d 865, 868[4, 5] (Mo. 1970); *State v. Tehee*, 445 S.W.2d 285, 286[1] (Mo.1969).

■ As to movant's averred grievance in being denied counsel at the lineup, it is ceded that no charge had been filed against him when the lineup was conducted. Presence of counsel is not required at a preindictment, precomplaint or preprosecution lineup [*State v. Jones*, 528 S.W.2d 14, 15[2] (Mo.App.1975)], and as no evidence was presented at the criminal trial of any lineup identification, it is additionally immaterial that no counsel was present at the lineup.

*State v. Stephens*, 507 S.W.2d 18, 19[2] (Mo. banc 1974).

■ Finally, and to repeat, examination of the complaining witness' trial testimony demonstrates an unequivocal in-court identification predicated on observations made of movant at the scene of the crime and while the offense was being committed. Thus, the victim's identification was wholly untainted by and independent of the lineup. Therefore, even assuming, arguendo, the lineup procedure was improper, since it was neither mentioned at trial nor relied on by the victim, counsel's failure to challenge the lineup by motion to suppress (or whatever) or to object to the prosecuting witness' in-court identification of movant made independent of the lineup, provides no basis for a claim of ineffectiveness of counsel. *Steward v. State*, 499 S.W.2d 830, 834[6, 7] (Mo. App.1973).

The order overruling the motion herein is affirmed.

All concur.