Willie Thomas ARMSTRONG, Appellant,

v.

STATE of Missouri, Respondent.

No. 36878.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 10, 1976.

Motion for Rehearing or Transfer
Denied March 10, 1976.
Application to Transfer Denied
April 14, 1976.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, St. Louis, for appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Post-conviction proceeding under Rule 27.26.

In October, 1946 defendant-movant pled guilty to murder in the first degree and was sentenced to life imprisonment. In a motion to vacate, he now contends his plea was not voluntarily and intelligently made.

At a hearing on his 27.26 motion, testimony by movant and his trial counsel differed as to whether movant's guilty plea in 1946 was voluntarily and intelligently entered. The trial court found it was, and also that although movant's fear of a death sentence had affected his guilty plea it did not constitute coercion. The trial court could not review the court record of the plea proceedings; no transcript was required in 1946 and both the judge who had accepted the plea and his court reporter are deceased.

Movant has the burden of proving grounds for relief in a motion to set aside his plea and vacate the conviction. *Crews v. State,* 510 S.W.2d 425[2] (Mo.1974) and cases cited there.

To reverse, the findings must be clearly erroneous when the trial court finds against movant's allegations. *Crosswhite v. State,* 426 S.W.2d 67 (Mo.1967) and 27.26(j), V.A.M.R. " 'Clearly erroneous' as that term is used in Rule 27.26(j), V.A.M.R., means that although there was evidence to support the trial court's finding, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Thurman v. State,* 523 S.W.2d 521 (Mo.App.1975). "We recognize the trial court had the right to reject testimony on behalf of the movant, even though there was no contrary evidence offered at the hearing. That is particularly true when the favorable testimony came from appellant himself, with an obvious interest in the outcome, and the proceedings for relief arose some time after the events in question and after the deaths had removed from the scene persons with direct knowledge of the events." *Shoemake v. State,* 462 S.W.2d 772[4] (Mo.1971).

Movant cites *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There the Supreme Court required a record to *affirmatively* demonstrate defendant understood his rights and willingly entered his plea of guilty. Missouri does not apply the *Boykin* rule retroactively. *Goodwin v. State,* 502 S.W.2d 269[4] (Mo. 1973).

Judgment affirmed.

STEWART and RENDLEN, JJ., concur.