**William Roscoe WHITE,**
**Plaintiff-Appellant,**

v.

**STATE of Missouri,**
**Defendant-Respondent.**

No. 37055.

Missouri Court of Appeals,
St. Louis District,
Division Three.

July 13, 1976.
Motion for Rehearing or Transfer
Denied Aug. 18, 1976.

John M. Rueseler, Cape Girardeau, for plaintiff-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Kenneth W. Shrum, Pros. Atty., Bollinger County, Marble Hill, for defendant-respondent.

GUNN, Judge.

On this Rule 27.26 appeal, the movant-appellant, William Roscoe White, charges that the trial court erred in finding that his waiver of appeal for a first degree murder conviction and plea of guilty for armed robbery were knowingly and voluntarily waived.

 In a Rule 27.26 hearing the determinations of the trial court are presumably correct and will be sustained unless clearly erroneous. *Williams v. State*, 530 S.W.2d 740 (Mo.App.1975); *White v. State*, 530 S.W.2d 444 (Mo.App.1975). "Clearly erroneous as that term is used in Rule 27.26(j), V.A.M.R., means that although there was evidence to support the trial court's finding, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Armstrong v. State*, 534 S.W.2d 547, 548 (Mo. App.1976). Movant importunes us to ruminate on the facts and read the entire record. We have tractably responded to movant's plea. But after punctilious review of the record, we find that the trial court made no mistake in finding that movant's plea of guilty and waiver of appeal were knowingly and voluntarily made; no basis exists for setting aside the trial court's findings.

 Movant dwells on the argument that his plea of guilty to the robbery charge was made to obtain a concurrent sentence with the murder conviction and to avoid consecutive sentences. Such argument does not afford grounds for 27.26 relief, as expectation of a lighter sentence does not render a plea involuntary. *Abrams v. State*, 521 S.W.2d 177 (Mo.App.1975).

The record on appeal fully supports the trial court's findings that movant's waiver of appeal to the murder conviction and plea of guilty to the robbery charge were knowingly and voluntarily made, without coercion and with knowledge of the consequences. Further recitation of the proceedings relating to the appeal waiver and guilty plea issues would be of benefit to no one. *Borman v. State*, 528 S.W.2d 502 (Mo. App.1975); *Parsons v. State*, 528 S.W.2d 162 (Mo.App.1975); *Waggoner v. State*, 517 S.W.2d 189 (Mo.App.1974); *Cox v. State*, 515 S.W.2d 199 (Mo.App.1974); *Griffin v. State*, 513 S.W.2d 706 (Mo.App.1974). We do note, however, that the trial judges[1] accepting movant's plea of guilt to the robbery charge, waiver of appeal to the murder conviction and hearing the 27.26 motion exercised nonpareil patience in their conduct of the proceedings, were thorough in their explanations and granted movant and his counsel grand latitude in their participation.

 Movant also challenges the sufficiency of the evidence as to defendant's guilt. This is a matter which was not presented in the 27.26 motion and was raised for the first time on appeal. We cannot, therefore, consider this issue which was not before the trial court. *Garrett v. State*, 528 S.W.2d 174 (Mo.App.1975). Further, a 27.26 motion is not to be used as a surrogate for a second appeal or challenge to the sufficiency of the evidence. *McCrary v. State*, 529 S.W.2d 467 (Mo.App.1975).

No error appearing, we affirm the trial court's action denying movant's 27.26 motion for relief.

SIMEONE, P. J., and KELLY, J., concur.

---

1. A different trial judge conducted the Rule 27.26 hearing than had accepted movant's guilty plea and waiver of appeal.