Gary Vincent **JOHNSON**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 10700.

Missouri Court of Appeals, Springfield District.

Jan. 26, 1978.

David Robards, Public Defender, Jasper County, for movant-appellant.

John D. Ashcroft, Atty. Gen., Carson Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Movant was convicted by a Jasper County jury of robbery in the first degree by means of a dangerous and deadly weapon. §§ 560.120 and 560.135.[1] The conviction was affirmed on appeal. *State v. Johnson*, 522 S.W.2d 106 (Mo.App.1975). The present appeal is from the judgment of the trial court denying movant's pro se Rule 27.26 motion without an evidentiary hearing.[2]

In its findings of fact and conclusions of law the trial court, inter alia, stated: "By this [Rule 27.26] motion . . . [g]rounds numbered (a), (b), (c), (d), (k) and (*l*) were all decided adversely to Movant by the Court of Appeals. The remaining six grounds all attack the sufficiency of the evidence . . . . This Court finds that all grounds raised by Movant are allegations of mere trial errors which either were raised on appeal and decided adversely to Movant or could have been raised on appeal and do not affect constitutional rights of Movant. Therefore, it is found that the motion and the files and records of the case conclusively show that Movant is entitled to

---

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules, V.A.M.R.

2. Par. 8 of the motion: "State concisely all the grounds known to you for vacating, setting aside or correcting your conviction and sentence. (a) The Court erred in failing to sustain motion for a change of venue. (b) The Court erred in not disqualifying itself pursuant to the request for disqualification made by defendant. (c) The Court erred in failing to sustain defendants [sic] motion to suppress the identification of witness Ed Bond. (d) The Court erred in limiting defendants [sic] Counsel's right to interrogate potential jurors during the Voir dire. (e) The Court erred in failing to sustain the defendants [sic] motion for Judgment of acquittal at the close of the States [sic] case. [Any error in failure to sustain motion for judgment of acquittal at the close of the state's case was waived when defendant introduced evidence in his own behalf. *State v. Lewis*, 526 S.W.2d 49, 52[1] (Mo.App.1975)]. (f) The Court erred in denying defendants [sic] motion for Judgment of acquittal at the close of all evidence. (g) Because the verdict is based upon insufficient, contradictory, confusing, and conflicting evidence. (h) Because the verdict is contrary to the evidence. (i) Because there was not proof beyond a doubt. (j) For the reason that all of the evidence, viewed in the light most favorable to the State on a motion for a new trial, is insufficient to sustain the verdict against defendant. (k) For the reason that the Court erred in assessing a sentence of 99 years upon defendant, sentence was punishment to defendant for having a Jury trial. (*l*) That the defendant was informed that he would be sentenced to 35 years by the prosecuting attorney if he plead guilty, but would get 99 years if he went to trial."

no relief and an evidentiary hearing is not required." We agree with the trial court and affirm.

 Grounds stated in a Rule 27.26 motion concerning matters considered and rejected in the direct appeal of a criminal case are not to be considered in a postconviction proceeding [*Cochran v. State*, 545 S.W.2d 710–711[1] (Mo.App.1976); *Achter v. State*, 545 S.W.2d 86, 87[1] (Mo.App. 1976)], and grounds for relief stated in a motion for a new trial which are not briefed in the appellate court in the criminal appeal are to be treated as abandoned and are not available to a movant in a collateral attack upon the sentence imposed in the criminal case. *Griggs v. State*, 479 S.W.2d 478, 481[3] (Mo.1972). By taking judicial notice of the transcript on appeal in the criminal case [*Mitchell v. State*, 532 S.W.2d 219, 220[1] (Mo.App.1976); *Layton v. State*, 500 S.W.2d 267, 269–270[4–8] (Mo.App.1973)], we observe that all of the grounds alleged in paragraph 8 of the instant Rule 27.26 motion (see note 2, supra) simply parrot the averments contained in the motion for a new trial and the accompanying affidavit filed in the criminal cause. Furthermore, the allegations in the instant motion which challenge the sufficiency of the evidence to support the guilty verdict in the criminal case are not within the scope of a Rule 27.26 proceeding. *Barker v. State*, 505 S.W.2d 448, 449[2] (Mo.App.1974). Moreover, a motion filed under Rule 27.26 may not be employed as a second appellate review of matters which were or should have been raised in a direct appeal. *Sherrill v. State*, 515 S.W.2d 611, 612[1] (Mo.App.1974).

■ Albeit erudite appointed counsel for movant on appeal candidly recognizes our foregoing conclusions, he, nonetheless, suggests and urges particular issues not presented in the Rule 27.26 motion which might be considered to afford movant postconviction relief or necessitate a remand to require the trial court to conduct an evidentiary hearing upon an amended motion. Without belaboring the opinion with a recasting of particulars, it is sufficient to observe that where issues have not been included in a Rule 27.26 motion and are not, therefore, before the trial court, they will not be considered for the first time on appeal. *Parton v. State*, 545 S.W.2d 338, 341[1] (Mo.App.1976); *White v. State*, 540 S.W.2d 148, 149[4] (Mo.App.1976); *Garrett v. State*, 528 S.W.2d 174, 176[2] (Mo.App. 1975); *Neighbors v. State*, 515 S.W.2d 792, 793[1] (Mo.App.1974).

Affirmed.

All concur.