Thomas E. BURNSIDE, Appellant,

v.

STATE of Missouri, Respondent.

No. 56170.

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1971.

**698**

Darragh K. Kasakoff, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding under Supreme Court Rule 27.26, V.A.M.R., from judgment and sentence of five years' imprisonment for burglary, second degree, imposed upon jury verdict.

█ In this court, the first three points of error relate to the failure of trial counsel and the trial court to advise movant of his rights relating to appeal of his conviction. Thomas E. Burnside was represented at his trial by Mr. Robert Frager, an attorney employed by movant and movant's mother. Movant had a twelfth grade education and had had no previous serious brushes with the law. Movant was vague as to what Frager told him about an appeal. He said that he recalled one discussion of the subject with Frager but that he was never advised about his right to appeal as an indigent. Movant stated that he wanted to appeal, although he could not recall having told Frager of such wish. Movant's mother testified that, upon the return of the jury verdict, "Mr. Frager kind of rushed me back over on the other side there, and Tom told me he didn't want a parole, and Mr. Frager advised him that would be the best way out. That's what he said. I said, 'What about appeal or something else can be done.' He said, 'Mrs. Burnside, that takes money,' and said, 'A parole would be the best way out for Tom, I advise,' and he gave us some papers and rushed us over to the Missouri State Office Building right quick, and that was the last I heard, besides sending him some more money."

Mr. Frager testified:

"I know after the jury came back with its verdict, and after the hearing, Mr. Burnside was authorized to continue on his bond. At that time I discussed with Mr. Burnside the right of appeal, and I do not remember at this time whether it was his mother and/or his wife was present. I did file a motion for new trial, and I know at the time of sentencing, where he got a parole, I do remember specifically telling him

that he did have a right of appeal. I know I did discuss several times the question involved, at least the question I felt was involved, and his chances of an appeal, and it was his decision that since he got a parole he did not want to pursue his right of appeal, whether it be me or whether the Court would appoint someone to represent him on appeal.

\*     \*     \*     \*     \*     \*

"I told him that normally the charges of making an appeal, the costs would be the transcript, nominal cost for filing the notice of appeal, and, of course, there would be my charges, but if he couldn't afford one, then, of course, the Court would appoint an attorney and then he could get a transcript and could have the charges waived.

"Q. It is your recollection then that you specifically advised him that if he was unable to afford the costs that you mention here as having explained to him that are involved in taking an appeal, that he would be able to take an appeal without cost to himself?

"A   Yes, sir."

A timely motion for new trial was filed by Frager on behalf of the movant on October 7, 1968. The motion was overruled on December 12, 1968 and sentence was deferred, pending a presentence investigation. On March 24, 1969, sentence was pronounced and movant placed on probation. On October 8, 1969, probation was revoked and movant placed in the custody of the Department of Corrections. His 27.26 motion was filed February 27, 1970.

The trial court made the following finding:

"The Court finds that petitioner was represented in the criminal case by Mr. Robert Frager, his family attorney, who is an able, experienced criminal lawyer who duly filed motions for acquittal and new trial and fully advised petitioner of his right to appeal, including the right to proceed in forma pauperis. These motions were overruled by the Court, and petitioner was placed on probation by the Court with the Missouri State Board of Probation, which petitioner accepted.

"The Court finds petitioner decided not to appeal his criminal conviction after fully considering and discussing the matter with his attorney.

"No further action was taken until October 8, 1969, when his probation was revoked following a court hearing with petitioner and his attorney present, which disclosed that petitioner had been involved in a shooting and also had assaulted a deputy sheriff.

"Petitioner made no complaint concerning his attorney until June 22, 1970, and the Court finds his attorney did advise him of his right to appeal and this contention is without merit and it is overruled."

The trial court's finding, on the conflicting testimony before him, was not clearly erroneous. The trial court had to resolve the conflict in the testimony and no reason is advanced here for rejection of the trial court's finding. Not being clearly erroneous, the finding must be affirmed. State v. Mountjoy, Mo.Sup., 420 S.W.2d 316; Crosswhite v. State, Mo.Sup., 426 S.W.2d 67. The finding is dispositive of the contention here that trial counsel failed to advise appellant adequately of his right to appeal and that appellant was thereby deprived of his right to adequate assistance of counsel.

Appellant's second point is also related to the above finding by the trial court. He contends that he did not knowingly and intelligently waive his right to appeal because neither the trial court nor counsel advised him in detail of his right to appeal as a poor person, of the time within which an appeal must be taken, or of his right to appointed counsel on appeal. Again, the trial court's finding is dispositive of this issue. The trial court's finding is not clearly erroneous and adequately negatives the contention here.

◼ The final complaint is that the trial court failed to advise movant of his right to appeal as an indigent person. In the

first place, there is no basis for the assumption that movant was indigent at the time of his sentencing. At the return of the jury verdict, movant informed the court that he was employed at Sears, was earning $100 per week and was buying a house. When he was sentenced, he told the court that he was employed, although his salary was not shown. This record simply does not support the claim of indigency on which the asserted duty of the trial court is bottomed. Absent support for the movant's basic premise, we do not reach the question of what the equal protection requirement of the Fourteenth Amendment to the Constitution of the United States demands by way of advice to an indigent defendant of his rights on appeal. We note that the case of United States ex rel. Smith v. McMann, 417 F.2d 648 (2nd Cir., 1969), relied upon by appellant, has not been generally accepted insofar as it imposes a positive duty on the state to warn a defendant of his rights on appeal, particularly a defendant who had been represented at trial by retained counsel. See United States ex rel. O'Brien v. Maroney, 423 F.2d 865 (3rd Cir., 1970); McGriff v. Wainwright, 431 F.2d 897 (5th Cir., 1970); Victor v. Lane, 394 F.2d 268 (7th Cir., 1968). Insofar as the Eighth Circuit is concerned, the question appears to be whether or not as a matter of fact the defendant has knowledge, from whatever source, which permits him to make a knowing and intelligent choice whether or not to appeal. Newland v. Haynes, 445 F.2d 267 (8th Cir., 1971); Maness v. Swenson, 385 F.2d 943, 946[5] (8th Cir., 1967). The trial court here found that movant had such knowledge and its finding is not clearly erroneous.

Appellant contends that evidence used against him at the trial was the product of an illegal search and seizure, under the federal constitution, and that he was thereby deprived of his federally protected right to a fair trial. This complaint is not cognizable in a proceeding under Supreme Court Rule 27.26, V.A.M.R. Fields v. State, Mo.Sup., 468 S.W.2d 31 (1971).

Appellant's final contention is that oral statements made to officers at the time of movant's arrest should have been suppressed for failure to comply with Miranda requirements. The evidence showed that Miranda warnings were given and that appellant stated that he understood the warnings. His acknowledgment that he understood the warnings and thereafter answering questions adequately evidenced a waiver of his rights. State v. Hughes, Mo.Sup., 460 S.W.2d 600. This is not a case of a silent record on the waiver issue, as was involved in State v. McGee, Mo. Sup., 447 S.W.2d 270, relied upon by movant.

Judgment affirmed.

HOUSER, C., concurs.

HIGGINS, C., not participating.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.