**Larry Ray BROWN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57582.

Supreme Court of Missouri,
Division No. 2.

April 9, 1973.

Lloyd F. Dieckman, Pohlmann & Dieckman, Kansas City, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is an appeal by Larry Ray Brown, movant, from an order overruling his motion to vacate and set aside a judgment sentencing him to imprisonment for ten years on his conviction of first degree robbery. Rule 27.26.[1] This court has jurisdiction, the notice of appeal having been filed before January 1, 1972. See schedule (§ 31, para. 4) to 1970 amendment of Article V, Constitution of Missouri. We affirm.

Of the several grounds alleged in his motion and heard and determined by the trial court, he carries forward and briefs only three in this court. They are that the court erred in overruling his motion, because (1) counsel representing him in the robbery case led him to believe that if he would waive his right to appeal his conviction of that offense, he would receive a sentence of five years and an auto theft charge pending against him would be dismissed; that he was thereby induced to and did waive his right to appeal, but his waiver was coerced and involuntary; (2) his said counsel was incompetent and rendered ineffective assistance; and (3) the court failed to instruct the robbery-trial jury on the subject of good character as required by Rule 26.02(6). Other grounds of the motion not briefed are not presented for review and are, therefore, abandoned.

---

1. Reference to rules is to Missouri Supreme Court Rules and V.A.M.R.

McQueen v. State, 475 S.W.2d 111, 115[3] (Mo. banc 1971).

An evidentiary hearing was held and the court made and entered detailed findings of fact and conclusions of law. The court found that after defendant's conviction his counsel did inform him that counsel for the state had said that if defendant would waive his right to appeal the state would dismiss the auto theft charge, but that counsel had not told defendant that his sentence would be five years; that the auto theft charge was in fact dismissed by the state; that defendant was advised by his counsel and by the court of his right to appeal, that counsel would represent him on appeal, and the several possible results of an appeal; that defendant freely and voluntarily with an understanding of his rights waived his right to appeal the robbery conviction. Our review persuades us that the findings, conclusions and order of the trial court on this point are not clearly erroneous. Burnside v. State, 473 S.W.2d 697[1] (Mo. 1971).

The trial court also found that counsel representing defendant on the robbery charge diligently and ably handled his case at all critical stages, including pretrial, trial and post-trial proceedings. Again, our review persuades us that the findings, conclusions and order of the trial court on this point are not clearly erroneous. Coleman v. State, 473 S.W.2d 692, 695[3] (Mo.1971); Gaitan v. State, 464 S.W.2d 33, 36[5–9] (Mo.1971).

The third point briefed, error in failing to instruct on the good character of defendant, obviously has reference to an alleged trial error which may not be considered in a collateral attack on the judgment of conviction. Rule 27.26(b)(3); State v. Smith, 411 S.W.2d 208, 210[7] (Mo.1967).

The judgment is affirmed.

MORGAN, P. J., DONNELLY, J., and TILLMAN, Special Judge, concur.