**William Lewis HERRON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57500.**

Supreme Court of Missouri, Division No. 2.

Sept. 10, 1973.

John E. Burruss, Jr., Hendren & Andrae, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

## PER CURIAM.

This is an appeal[1] by William Lewis Herron, movant, from an order overruling his motion to vacate and set aside two judgments, each sentencing him to imprisonment for life on his plea of guilty, with the advice of counsel, to two separate charges of first degree murder. Rule 27.-26[2].

 Movant alleged in his motion, and he contends on this appeal, that the judgments should be set aside and he be permitted to withdraw his pleas, because (1) they were not voluntarily entered; and (2) he was denied effective assistance of counsel. He contends the pleas were not voluntary, because they were induced by and were the result of (1) the trial court's prior denial of his motion to suppress his allegedly involuntary video-taped confession of the murders; and (2) coercion by means of fourteen months confinement awaiting trial during which he was allegedly beaten and denied bedding, food and medical attention. His contention that he was denied effective assistance of counsel is based on a claim that his counsel did not *adequately* consult with and advise him, not that counsel did not consult with and advise, or that counsel was incompetent. Another ground for relief alleged in his motion, heard, and ruled upon by the trial court, is that he was denied a sanity hearing and a psychiatrist of his own choice. He made no claim that at the time of the offenses or at the time of his pleas he was suffering from a mental disease or defect. This ground is not carried forward in his brief and therefore has not been considered because abandoned.

The facts relative to the alleged coerced confession, coerced pleas, and denial of effective assistance of counsel were fully developed by diligent and able counsel at an evidentiary hearing which consumed the better part of two days. The trial court made findings of fact and conclusions of law as required by Rule 27.26(i), and entered its order overruling the motion.

 We have reviewed the record and considered the authorities cited by the parties. The order of the trial court is based on findings of fact which are not clearly erroneous. No error of law appears. An opinion discussing the facts and law would have no precedential value, and the order should be affirmed by memorandum in compliance with Rule 84.16(b).

Affirmed.

HENLEY, P. J., FINCH, J., and CONNETT, Special Judge, concur.

MORGAN, J., not sitting.

1. The notice of appeal was filed before January 1, 1972; hence, the case was retained in this court for final disposition pursuant to the requirement of the schedule (§ 31, para. 4) to the 1970 amendment of Mo.Const. Art., V, V.A.M.S.

2. All references to rules are to Missouri Supreme Court Rules and V.A.M.R.