**STATE of Missouri, Respondent,**

v.

**Terry L. NIERSTHEIMER, Appellant.**

No. 9418.

Missouri Court of Appeals,
Springfield District.

Oct. 9, 1973.

KEET, Special Judge.

Appellant (defendant) was convicted by a jury on April 25, 1972, of unlawfully delivering marijuana on February 15, 1972, and sentenced by the court (the jury being unable to agree on the punishment) to five years' imprisonment. This court has jurisdiction. Mo.Const. art. V, § 3, as amended, V.A.M.S. Parks v. State, 492 S.W.2d 746 (Mo. banc 1973); Garrett v. State, 481 S.W.2d 225 (Mo. banc 1972).

Appellant here raises the single point that Instruction No. 3 was erroneous in directing the jury to assess punishment at imprisonment in the custody of the Department of Corrections for not less than five years nor more than life imprisonment. He urges that on this record the trial court should have instructed, punishmentwise, defendant be punished under § 195.200, subd. 1(1)(c) RSMo Supp.1971, which provides:

"Any person, who delivers less than twenty-five grams of marihuana or less than five grams of hashish for no remuneration to any other person shall, on conviction, be punished by confinement in the county jail for not more than one year, or be fined not more than one thousand dollars, or by both such confinement and fine, provided that this penalty shall be applicable only upon the first offense and this paragraph shall not apply if such person has been previously convicted of any felony related to controlled substances."

The State insists that Instruction No. 3 was proper under § 195.200, subd. 1(4) RSMo Supp.1971, which provides:

"Except as provided in paragraph (c) of subdivision (1) of subsection 1 of this section, for the offense of selling, giving or delivering any controlled substance listed in Schedule I or II, to a person, by imprisonment in a state correctional institution for a term of not less than five years nor more than life imprisonment;

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

James R. Spradling, Carthage, for appellant.

except, that if the person to whom a drug listed in Schedule I or II, was sold, given or delivered was under the age of twenty-one years, then the offender may be punished by death."

The State considers § 195.200, subd. 1(1)(c) RSMo Supp. 1971 inapplicable because the evidence does not show the weight of the marijuana in the cigarette which, the evidence shows, defendant gave to a fourteen-year-old female. The State's position is that defendant had the burden of proving, and did not prove, the weight of the marijuana to bring himself under § 195.200, subd. 1(1)(c) RSMo Supp.1971. It relies on § 195.180 RSMo 1969, V.A.M. S., which reads:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this law, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this law, and the burden of proof of any such exception, excuse, proviso or exemption, shall be upon the defendant."

The evidence shows that the cigarette, which the defendant took out of a cigarette pack and gave the girl, was hand-rolled ("a roll-your-own" type); the girl put it in her coat pocket; it was crimped at each end and was 2½" to 3" long, crinkled but straight and "neat". The cigarette was received into evidence as part of Exhibit 3 (a vial with the cigarette in it). The chemist used a "small portion" of the marijuana in his analysis. Otherwise the cigarette was in the same condition as at the time defendant gave it to the girl. Its contents, according to the police officer, looked "something similar to tobacco." Neither party offered evidence as to its weight as determined by scales weighing.

■■ The cigarette has never been deposited with the clerk of this court as required by Rule 81.15, V.A.M.R. The clerk has requested that it be deposited. The prosecuting attorney has written the clerk that it was not turned over to the court reporter and has not been located. We would inspect and weigh the cigarette if available [cf. Edwards v. Springfield Coca-Cola Bottling Co., Inc., 495 S.W.2d 489 (Mo.App.1973)], but assume that it will not become available. We have, however, weighed (on micro-analytical balance) 10 factory-built unfiltered cigarettes, "long" and not "thin." Their average avoirdupois weight was 1.09361 grams. The marijuana in the cigarette in question in this case would have to weigh many times an ordinary cigarette in order to weigh as much as 25 grams. We take judicial notice that a gram (taken in its meaning under Ch. 195 of the statutes) is a unit of weight, State v. Carwile, 441 S.W. 2d 763 (Mo.App.1969), and State v. Corsiglia, 435 S.W.2d 430 (Mo.App.1968); 28.3495 grams make an avoirdupois ounce; and a cigarette such as is described in the evidence weighs less than 25 grams.

■■ The State asserts that defendant's failure to insist upon the application of § 195.200, subd. 1(1)(c) RSMo Supp. 1971 "by way of positive defense" constituted a waiver and that the State was not required to prove that defendant's prohibited act did not fall within the said section. This assertion is not supported on the record.

Defendant timely raised the point by objecting (before the parties rested) to the giving of Instruction No. 3 as not properly stating the punishment provided for in the statute.[1] The State could have had the

---

1. Defendant's plea of not guilty was a denial as to all issues. The Rules of Criminal Procedure do not require or provide for any other pleading by the defendant. Rule 25.05(a) expressly states that pleadings to an information shall be pleas of not guilty or guilty and that all other pleas are abolished and that "defenses and objections raised before trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief, as provided in these Rules." Rule 25.06 on "motions" does not require defendant to file a motion since motions are

cigarette weighed. The weight was not within the peculiar knowledge of the defendant. The result obviously would have been favorable to defendant in relation to permissible punishment. To hold that defendant under such circumstances may not in this court urge the "weight" point would work unfairness on defendant, where defendant at trial brought up the very point and preserved it in his motion for new trial and on this appeal.

The evidence is clear that the marijuana in the cigarette weighed (at time of delivery) less than 25 grams. That this was brought out by the State's evidence (testimony of its witnesses and its Exhibit 3) does not mean that defendant cannot take advantage of such evidence. In view of the evidence, defendant had no burden or reason to offer any further evidence. His failure to do so does not indicate any intent to waive the weight point, especially when he objected to the giving of Instruction No. 3.

■■ The State concedes in its brief and we agree that the absence from the record of any evidence of prior convictions warrants a finding that no prior convictions existed. § 195.200, subd. 3 RSMo Supp.1971; State v. Collins, 394 S.W.2d 368 (Mo.1965). This being so, and since the record clearly demonstrates that the delivery was "for no remuneration" and the marijuana then weighed less than 25 grams, sentence must be as provided in the § 195.200, subd. 1(1)(c) RSMo Supp.1971.[2] Therefore, the case should and will be remanded to the trial court for assessment of punishment and rendition of judgment con-

sistent with said section. State v. Hawkins, 482 S.W.2d 477 (Mo.1972); State v. Reiley, 476 S.W.2d 473 (Mo.1972).

We have examined the record and find no plain error under Rule 27.20(c). The evidence was sufficient to sustain conviction. We have examined the record as required by Rule 28.02 and find no error respecting the sufficiency of the indictment (note §§ 195.020 RSMo Supp.1971 and 195.180 RSMo 1969, V.A.M.S.) or the verdict.

Reversed and remanded for sentencing under § 195.200, subd. 1(1)(c) RSMo Supp.1971.

TITUS, C. J., and STONE, HOGAN and BILLINGS, JJ., concur.

---

only to raise defenses or objections. Defendant had no reason or obligation to object (by pleading) to the State's case going to the jury as a felony case under § 195.200, subd. 1(4) RSMo Supp.1971.

2. This section provides for punishment for delivery of less than 25 grams of marijuana for no remuneration "to any other person." § 195.200, subd. 1(4) provides for punishment for delivering marijuana "to a person," but further provides that if such person is

under the age of twenty-one years, then the offender may be punished by death. § 195.200, subd. 1(4) RSMo Supp.1971 does not apply here because it applies except as provided in § 195.200, subd. 1(1)(c) RSMo Supp.1971, which governs in this case because defendant delivered less than 25 grams of marijuana to the girl, who is included in said section's wording "any other person," which we construe to mean any other person regardless of age.