Glen CROW, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9570.

Missouri Court of Appeals,
Springfield District.

Sept. 6, 1974.

**14** ■ �â–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆâ–ˆ

---

William J. Fleischaker, Joplin, for movant-appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

This is an appeal by Glen Crow from the order of the Circuit Court of Jasper County denying his motion for post-conviction relief [Rule 27.26, V.A.M.R.] from consecutive sentences for burglary and stealing. We affirm.

Following an unsuccessful appeal of his convictions [State v. Crow, 465 S.W.2d 478 (Mo.1971), cert. den., 404 U.S. 847, 92 S. Ct. 152, 30 L.Ed.2d 85 (1971)] appellant initiated these proceedings. An eviden-

tiary hearing was conducted and the lower court made and filed written findings of fact and conclusions of law and overruled appellant's motion.

■ In this appeal the appellant has limited his points to two grounds: (1) ineffective assistance of counsel by reason of his trial attorney's failure to call certain individuals as defense witnesses, and (2) the refusal of the trial judge to permit appellant to offer testimony of the individuals in support of his own motion for new trial. The remaining grounds of appellant's motion to vacate, although considered and ruled by the court below, have not been briefed in this appeal and therefore are deemed abandoned and are not for our review. Herron v. State, 498 S.W.2d 530 (Mo.1973); Brown v. State, 492 S.W. 2d 762 (Mo.1973).

We initially observe that appellant's points fall short of compliance with Rule 84.04(d), V.A.M.R., in that they fail to state wherein and why the determinations and order of the court below are claimed to be erroneous. Nevertheless, as we had occasion to remark on a different matter in another and separate case involving appellant [Crow v. State, 492 S.W.2d 40 (Mo.App.1973)], we will consider the contentions advanced in an effort to bring some degree of finality to appellant's attack on his convictions.

■■ The burden of proof to establish the oft-levelled claim of ineffective assistance of counsel in post-conviction proceedings is on the movant and such onus is not met unless it is clearly demonstrated that the acts or omissions of counsel went beyond errors of judgment or trial strategy and were of such character as to result in a substantial deprivation of the right to a fair trial. Myrick v. State, 507 S.W.2d 42 (Mo.App.1974). And our review of the findings, conclusions and judgment of the trial court in ruling a post-conviction motion is limited to determining whether they are clearly erroneous. Rule 27.26(j); Harkins v. State, 494 S.W.2d 7 (Mo.1973).

The facts giving rise to appellant's present sentences are reported in his direct appeal and need not be repeated here. His accomplice in the burglary, Louis Garrison, had entered pleas of guilty to the charges and was the state's principal witness at appellant's trial. Between the time of the arrest of Garrison and appellant on the burglary and stealing charges, Garrison lodged a complaint with the authorities that appellant and Walt Davis had physically assaulted him in an effort to influence or deter his testimony concerning appellant's involvement in the burglary. According to appellant, Garrison's initial account of the location of the alleged assault differed from his testimony at appellant's preliminary hearing on this latter charge. In this proceeding it is the appellant's contention that he wanted his trial attorney to call Davis and others as witnesses for the defense in appellant's burglary and stealing trial for the purpose of demonstrating that Garrison was a "liar" by reason of the different statements Garrison had made as to the location of the alleged assault. Appellant said his attorney told him "he didn't think it was important, wouldn't do any good." Appellant also complains that on the Saturday before the trial was to commence on the following Monday he wanted his lawyer to obtain a continuance of the case by reason of Davis' absence from the state but that his attorney refused to do so.

Appellant employed the attorney and was represented by the lawyer at the preliminary hearing and trial on the burglary and stealing charges. At the evidentiary hearing the attorney testified he had not been requested by the appellant to subpoena or call Davis or the other individuals. The attorney stated the appellant had mentioned Davis' name; that Davis had been in Arkansas and beyond subpoena jurisdiction and "I knew his [Davis'] past record: and "we decided that it was not the thing to do necessarily to have him here to try the case." The lawyer had no recollection of appellant having asked him to seek a continuance of the case. Counsel recalled that he and his client had had a discussion with regard to the possible witness named Bud Leason who was under subpoena by the state [Leason's wife had purchased part of the stolen merchandise] but "Glen and I decided not to use him." Appellant also testified that he had asked his attorney to cross-examine Garrison about the "intimidation of witness" charge because "I thought it would prove what a liar he was; that he deliberately lied," but that the attorney had not asked any questions of Garrison, "not a single one." However, later in his testimony, appellant acknowledged that his trial attorney, using a transcript of the preliminary hearing on the burglary and stealing charge, had "[I]mpeached Garrison on it five or six different times; impeached his testimony, changed it from the testimony at the preliminary hearing." [1]

Walt Davis was called as a witness for appellant at the evidentiary hearing and testified that Garrison had not changed his story as to the location of the alleged assault.

On the issue of ineffective assistance of counsel the experienced special judge who presided at the evidentiary hearing made the following determination: "[M]ost of the omissions of which movant complains were trial decisions, and it is the established rule that a court will not review or reassess by hindsight the judgment of defense counsel on questions of strategy, trial tactics or trial decisions." The court found that appellant's trial attorney represented appellant " . . . [W]ith the utmost fidelity and he did exercise the judgment in representing movant in the trial court which might be expected of one trained in the law and committed to the diligent application of its principles." The lower court concluded that appellant's case was well prepared and well tried by his attorney and that appellant had a fair trial;

---

1. Garrison's credibility was also impeached by his admissions at trial of five prior felony convictions.

further, that there was no evidence to support appellant's charge of ineffective assistance of counsel.

■ We have reviewed the transcript of the trial and considered the evidence adduced at the evidentiary hearing and it is our opinion that the actions, or lack thereof, of appellant's trial attorney did not result in appellant's trial being a farce or mockery of justice, and on the contrary, find ourselves in agreement with the ruling below that defendant was afforded a fair trial. McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971). Choice of witnesses and matters concerning cross-examination are trial strategy decisions. Cheek v. State, 459 S.W.2d 278 (Mo.1970). Monday morning "quarter-backing" is a great exercise in hindsight but does not support the serious and damning accusation of ineffective assistance of counsel.

Appellant's remaining point is that the judge who presided at his trial refused to permit him to call witnesses in support of his motion for new trial. Appellant's attorney filed a motion for new trial as did appellant, pro se. Among other things, appellant's pro se motion referred to witnesses who could verify that Garrison had lied about the location of the alleged physical assault.[2]

Appellant's motion to vacate charges that the trial judge "did, unconstitutionally, direct the court clerk not to issue said subpoenas" for the alleged witnesses. During the course of his testimony at the evidentiary hearing the appellant charged that his trial attorney refused to subpoena the individuals for the motion for new trial, and in response to a question by the court stated his complaint was *not* against the trial judge. In this appeal appellant's point is directed against the trial judge's refusal to permit testimony in support of his motion for new trial.

■ The lower court found that since appellant did not raise this matter in his direct appeal and any such alleged error being a trial error, it could not be raised by way of a collateral attack in this proceeding. Trial errors are reviewable on direct review, not in Rule 27.26 proceedings [Brown v. State, 492 S.W.2d 762 (Mo.1973)] and a motion to vacate judgment and sentence cannot be used as substitute for a second appeal. Rule 27.-26(b)(3). We would also point out the lower court found that appellant had not carried his burden of proof as to this "ground" and we find nothing in the original trial transcript or the evidentiary hearing to warrant a conclusion this finding is clearly erroneous. Further, that there is nothing in appellant's pro se motion for new trial that the alleged witnesses could prove that Garrison perjured himself at appellant's trial, but on the other hand, at most, demonstrated Garrison's inconsistent statements as to the location of the alleged assault by appellant and Davis. Garrison's credibility as a witness was impeached by his prior criminal convictions and his cross-examination as to *material* matters relative to appellant's participation in the burglary and stealing charges. There is no evidence before us that Garrison's trial testimony was deliberately false; that the state used the testimony knowing it was false; and that appellant's conviction was obtained on account of perjured testimony. Tyler v. State, 501 S.W.2d 189 (Mo.App. 1973).

The order of the trial court denying appellant's motion to vacate judgments and sentences is affirmed.

HOGAN, C. J., and STONE, TITUS and FLANIGAN, JJ., concur.

---

2. Appellant was permitted to argue his pro se motion for new trial.