Jackie SHERRILL, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9778.

Missouri Court of Appeals, Springfield District.

Oct. 31, 1974.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 13, 1974.

John L. Woodward, Steelville, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

This is a proceeding under Rule 27.26, V.A.M.R., to vacate a 25-year sentence and judgment for second degree murder. No evidentiary hearing was conducted but the Circuit Court of Crawford County made and entered findings of fact and conclusions of law denying appellant's motion. We affirm.

Appellant's direct appeal of his conviction was affirmed by this court in State v. Sherrill, 496 S.W.2d 321 (Mo.App.1973). His motion to vacate alleges certain instructions given at his trial were erroneous. Further, that his trial attorney was ineffective because (a) such instructions were given by the court and (b) five witnesses who subsequently testified at a codefendant's later trial were not used as witnesses in his behalf at his trial.

In his direct appeal the appellant did not challenge the instructions he now attacks as erroneous. A motion to vacate is not to function as an appeal nor to afford a second appellate review. Barker v. State, 505 S.W.2d 448 (Mo.App.1974). The allegations of error relating to instructions to the jury, being allegations of trial errors only, may not be considered in support of a Rule 27.26 motion. Brown v. State, 492 S.W.2d 762 (Mo.1973).

Appellant's charge of ineffective assistance of counsel by reason of the

court's giving the subject instructions is not carried forward in his brief herein and is deemed abandoned and will not be considered. Herron v. State, 498 S.W.2d 530 (Mo.1973).

On the remaining allegation of ineffective assistance of counsel, the experienced and conscientious trial judge made the following determination: "The records of our court show that the Mills [co-defendant] case was tried many months following the trial of the Sherrill [movant] case, of which the court takes judicial knowledge, and to charge that counsel for defendant was ineffective by reason of his not knowing what witnesses would say months later in another trial is an absurdity."

■ To substantive the oft-levelled claim of ineffective assistance of counsel one must demonstrate that the omission of his attorney in this regard resulted in prej-udice to his position and deprived him of substantial rights. McKnight v. State, 497 S.W.2d 201 (Mo.App.1973). Where a movant complains of his attorney's failure to call witnesses, he must allege and show that the witnesses' testimony would have provided a defense. Jackson v. State, 465 S.W.2d 642 (Mo.1971).

■ The conclusory allegation that counsel was ineffective because five unnamed witnesses were not called in his behalf, without any allegations as to what their testimony was or might have been, or that such testimony would have provided a defense, did not warrant an evidentiary hearing.

The judgment is affirmed.

HOGAN, C. J., and STONE, TITUS and FLANIGAN, JJ., concur.