**John Joseph CAMILLO,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 10083.**

Missouri Court of Appeals,
Springfield District.

Aug. 24, 1977.

Wm. J. Fleischaker, Public Defender, 29th Judicial Circuit, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Before HOGAN, P. J., and MOORE and NORTHERN, Special Judges.

WELDON W. MOORE, Special Judge.

This is an appeal from a judgment and order of the Circuit Court of Jasper County entered July 1, 1975, denying movant-appellant's motion to vacate judgment and sentence under Rule 27.26, V.A.M.R. Appellant had been sentenced to life imprisonment in 1967 for first-degree murder.

Appellant's motion alleged four grounds for relief: 1) appellant's guilty plea was a product of coercion; 2) appellant did not knowingly waive his federally protected rights; 3) appellant received ineffective assistance of counsel, and 4) appellant was incompetent at the time of his guilty plea.

█ On appeal, appellant has limited his points to one: His guilty plea was a product of coercion. Other grounds in his motion to vacate were considered and ruled on by the court below, but have not been preserved on appeal and, therefore, are deemed abandoned and are not for our review. *Herron v. State*, 498 S.W.2d 530, 531 [1] (Mo. 1973); *Brown v. State*, 492 S.W.2d 762 [1] (Mo. 1973); *Crow v. State*, 514 S.W.2d 13, 14 [1] (Mo.App. 1974).

Appellant was arrested in Illinois on or about February 1, 1966, and was returned to Jasper County, Missouri, sometime prior to April 16, 1966, in connection with the murder charge. On September 20, 1966, pursuant to court order, appellant was admitted to State Hospital No. 1 at Fulton, Missouri, for examination. He was discharged from the hospital and returned to the Jasper County Jail on January 10, 1967. His plea of guilty was entered and accepted on August 10, 1967.

The evidence appellant gave concerning the involuntariness of his plea pertained to mistreatment in the Jasper County Jail prior to September 20, 1966. There is no evidence of mistreatment from the date of his admission to State Hospital No. 1 at Fulton on September 20, 1966, to the date of his plea of guilty on August 10, 1967, a period of almost 11 months. Assuming that mistreatment occurred prior to September 20, 1966, there is no evidence to indicate such treatment had a coercive effect on the guilty plea some 11 months later.

Appellant made no complaint about his treatment or jail conditions to the sentencing judge. His placement in solitary confinement was for disciplinary purposes, and his motion to vacate judgment and sentence

was not filed until five years after sentencing.

The grounds for relief in a motion filed under Rule 27.26 must be established by a preponderance of the evidence. Rule 27.26 (f); *Beach v. State*, 488 S.W.2d 652, 656 [9, 10] (Mo. 1972). We are limited in our review to a determination whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.-26 (j).

The circuit court found that at the time of his plea appellant knew the nature of the charge, the nature of the proceedings, the range of punishment, and that his plea was not the product of physical abuse or threats, was not procured through coercion or duress, but was, in fact, voluntary. We agree and hold that the finding of the trial court is not clearly erroneous.

Appellant, at the time he received his life sentence, instead of the death penalty (which was possible), stated to the court: "If you were to give me this life sentence, of course, I'd appreciate it from the bottom of my heart, but . . . I believe I've paid for what I did to Friday Lane every night before I go to bed because I live through it every night." Further, his final words to the sentencing judge were, "Thank you, Your Honor." The circuit court concluded, and we agree, that such words do not indicate an involuntary plea.

No error appearing, the judgment is affirmed.

All concur.