James **LANPHEAR**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 10759.

Missouri Court of Appeals,
Springfield District.

Nov. 21, 1978.

Larry Maples, Joplin, for appellant.

John D. Ashcroft, Atty. Gen., Carson Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

WELDON W. MOORE, Special Judge.

Appellant, James Lanphear, appeals from a final order entered by the Circuit Court of Jasper County on March 24, 1977, denying appellant's motion to vacate and set aside judgment and sentence under Rule 27.26, V.A.M.R. Appellant, on January 19, 1976, entered a guilty plea to the charge of sale of a controlled substance. On March 18, 1976, appellant was sentenced to a term of seven years on the guilty plea. On August 9, 1976, appellant filed his motion to vacate and alleged seven grounds for relief. Although all of the grounds of appellant's motion to vacate were considered and ruled on by the court below, appellant has preserved only two of such grounds for this appeal, thereby abandoning all other grounds which are not for our review. *Herron v. State*, 498 S.W.2d 530[1] (Mo. 1973); *Brown v. State*, 492 S.W.2d 762[1] (Mo.1973); *Camillo v. State*, 555 S.W.2d 386, 387[1] (Mo.App.1977); *Crow v. State*, 514 S.W.2d 13, 14[1] (Mo.App.1974).

The two grounds of appellant's motion preserved for our review are: 1) the court did not have jurisdiction because the indictment failed to charge an offense, and 2) the court lacked jurisdiction because the indictment failed to set forth all essential elements of the offense. The substance of these two grounds are the same and without merit.

The appellant was charged under § 195.-020 RSMo 1969, which provides "it is unlawful for any person to . . . sell . . any controlled substance." The indictment charges that appellant "did wilfully, unlawfully and feloniously sell to one Terry Faulks a controlled substance listed in Schedule I of § 195.017 RSMo 1969, to-wit: marijuana." Section 195.180 RSMo provides that it is not necessary to negative

any exception, excuse, proviso and exemption contained in the law and further provides that the burden of proof of any such exception, excuse, proviso and exemption shall be on the defendant. Section 195.200 prescribes the punishment for violation of § 195.020.

■ Our review is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous, Rule 27.26(j). Appellant must establish grounds for relief by a preponderance of the evidence. Rule 27.26(f); *Beach v. State*, 488 S.W.2d 652, 656[9, 10] (Mo.1972).

■ The trial court ruled the indictment charged an offense, hence it had jurisdiction, relying on *State v. Davis*, 510 S.W.2d 790 (Mo.App.1974) and *State v. Nierstheimer*, 500 S.W.2d 732 (Mo.App.1973). *Davis* was an appeal from a conviction for possession of marijuana which raised the sole issue that the information was fatally defective in that it failed to charge a felony because it did not allege that the amount of such marijuana was in excess of 35 grams. The information in *Davis* stated defendant "did then and there unlawfully and feloniously have in his possession a quantity of marijuana botanically known as Cannabis Sativa." In *Davis* the court held that the information clearly charged the appellant with feloniously possessing marijuana and by so doing, informed him of the nature and grade of the offense and clearly eliminated any possible misapprehension that he was being charged with a misdemeanor. At p. 792[1, 2] the court said, "we hold that all substantive elements of the felony offense were charged in the information."

*Nierstheimer* was a jury conviction of unlawfully delivering marijuana. The information was not set out in the opinion by the appellate court but was presented by the state in the instant hearing below, it being also a Jasper County case. The information reads in part as follows: ". . . Nierstheimer did then and there wilfully, unlawfully and feloniously give a narcotic drug, to-wit: marijuana, to a person under the age of twenty-one years, to-wit: Wanda Jane West, a minor child of the age of 14

years." The court found that the evidence showed that less than 25 grams of marijuana was involved; that no remuneration was received; and that defendant had no prior convictions and therefore the sentence of five years was improper and remanded for sentencing under § 195.200, 1(1)(c). At p. 735 the court said, "we have examined the record as required by Rule 28.02 and find no error respecting the sufficiency of the indictment (note § 195.020 RSMo Supp. 1971 and 195.180 RSMo 1969, V.A.M.S.) or the verdict."

The indictment is sufficient when tested by Court Rule 24.01. It advised defendant that he was charged with a felony offense; that the offense was sale of a controlled substance; that the controlled substance was marijuana; and that the sale was made on the 30th day of October, 1975, in Jasper County, Missouri, to one Terry Faulks. It described the offense so as to enable the defendant to make his defense and was sufficient upon conviction or acquittal to bar any further proceedings for the same cause and it informed the court of the facts alleged so that a determination could be made whether they are sufficient in law to support a conviction, if one be had. The indictment may have been subject to a bill of particulars under Criminal Rule 24.03, but that fact would not make the indictment so defective as to deprive the court of jurisdiction to impose the sentence that it did. The indictment was sufficient to confer jurisdiction.

We affirm.

FLANIGAN, P. J., STONE, TITUS, JJ., and KENNEDY and CAMPBELL, Special Judges, concur.

PYLE, Special Judge, disqualified.