**James Enloe ANDREWS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40658.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 1979.

Gary L. Robbins, Public Defender, Jackson, for appellant.

Bradshaw Smith, Pros. Atty., Cape Girardeau, John D. Ashcroft, Atty. Gen., Paul Robert Otto, Majorie Wholey Haines, Asst. Attys. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals the dismissal of his Rule 27.26 motion without an evidentiary hearing.

Movant entered pleas of guilty in two separate cases, involving three distinct crimes. In Case No. 750874 movant entered a plea to counts charging him with Jail Escape and Assault with a Deadly Weapon. In Case No. 750746 he entered a plea of guilty to the crime of Auto Theft.

Movant was afforded two guilty plea hearings, both occurring on June 6, 1977. At the first hearing in Case No. 750874, after having conducted an extensive interrogation of movant the trial court determined that movant acted voluntarily and accepted his pleas of guilty. Thereafter, the court sentenced him to a term of ten years on the assault charge and two years for escape; the sentences to run consecutively. Immediately after the court has sentenced movant, the court stated, "I note that I failed to have you sign the Petitions to Enter a Plea of Guilty . . . and I want you to sign them only if everything that is in the petition is true and correct and only if you are doing so freely and voluntarily. . . ." The defendant and his attorney then signed the petitions.

The problem we now face arises from a clause in the Petition to Enter a Plea of Guilty to the charge of jail escape. The clause in question stated, "The Prosecuting Attorney promised that if I plead GUILTY, he will do the following: two (2) year sentence to run concurrently with Scott County, Missouri charge (Auto Theft) and other Cape County Charge (Assault with deadly weapon)." The second petition stated, "The Prosecuting Attorney promised that if I plead GUILTY, he will do the following: 10 years and dismissal of robbery and aiding excape [sic] charge."

At the second hearing, on the charge of Auto Theft in Case No. 750746, again, after an extensive interrogation the court accepted movant's plea of guilty, sentencing him to a term of three years; said sentence to run consecutively to those sentences received in Case No. 750874. The petition in this case stated, "The Prosecuting Attorney promised if I plead GUILTY, he will do the following: Run my sentence of three years consecutively with my sentence of jail escape and assault with a deadly weapon."

In his Rule 27.26 motion entitled "Motion to Correct Sentence or in the Alternative to Vacate Sentence" movant claims that his plea bargain was breached. He contends that his bargain was for all of the sentences to run concurrently and alludes to the clauses contained in his guilty plea petitions. He requests that his sentences be corrected to run concurrently or, that his sentences be vacated altogether.

The trial court, in considering his motion, found that the record of the plea proceedings specifically refuted his claim and thus denied his motion without an evidentiary hearing. On appeal, movant alleged that, "the trial court abused its discretion in refusing to grant appellant's motion under Supreme Court Rule 27.26 for an evidentiary hearing, as allegations and issues of fact raised in appellant's motion were sufficient to entitle him to an evidentiary hearing as a matter of law."

We have carefully examined the plea proceedings of Case No. 750746. It appears that defendant was sentenced to a consecutive term in compliance with the petition for his plea. It does *not* appear that the consecutive sentence movant received in this case controverted the terms of his "plea bargain" with the prosecuting attorney. Movant's petition for Case No. 750746 states with great specificity that his three year sentence therefor should run consecutively with his sentences on the other charges. As such, we agree with the trial court that movant's allegations, as they relate to Case No. 750746, are clearly

refuted by the record which includes his signed petition. *Wimberly v. State*, 549 S.W.2d 101[1, 2] (Mo.App.1977).

█ However, we do not believe that the record clearly refutes movant's allegations as they pertain to Case No. 750874. In this case the Petition to Enter a Plea of Guilty, as reflected in the record, creates a question of fact as to movant's understanding of the sentencing procedure, i. e., whether he was to receive concurrent or consecutive sentences in the jail escape and the assault case.[1]

In the present instance, the trial court clearly indicated that it believed defendant understood the sentences were to be consecutive, but the signed petition does not comport with such an understanding. Thus, there exists a question of fact, yet to be resolved, relative to defendant's understanding of the sentences he received. In this connection, see *Bolden v. State*, 530 S.W.2d 505 (Mo.App.1975) wherein the movant claimed (as here) a mistaken belief that his sentences were to run concurrently. We said in that case, "The record at the guilty plea refutes movant's [Rule] 27.26 contention he then had a mistaken belief his two sentences could be served concurrently. So, it was unnecessary to grant an evidentiary hearing." at 507.

The inconsistency between the testimony of the movant at the plea hearing and the written document incorporated into the record, necessitates an evidentiary hearing in Case No. 750874.

Affirmed as to Case No. 750746 and reversed and remanded for an evidentiary hearing as to Case No. 750874.

GUNN and CRIST, JJ., concur.

---

1. Movant herein, entered his plea prior to *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978) and thus, the trial court was not bound by its mandate. *Schellert* (to be applied only prospectively) stands for the proposition that where a defendant enters a guilty plea with the understanding that there exists an agreement with the prosecuting attorney, the court is not bound by the agreement as such, but must afford the defendant an opportunity to withdraw his guilty plea if it intends to dispose of the case in a manner less favorable to the defendant than that contemplated by the terms of the agreement.