**Jack C. ROSE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 30396.**

Missouri Court of Appeals, Western District.

June 11, 1979.

Clifford A. Cohen, Public Defender, Kevin Locke and Gary L. Gardner, Asst. Public Defenders, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Marjorie Wholey Haines and Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

PRITCHARD, Judge.

Appellant was, on December 11, 1974, in a jury-waived trial, found guilty of the offense of robbery in the first degree. The court sentenced him to seven years imprisonment on January 31, 1975. The conviction was affirmed in *State v. Rose*, 535 S.W.2d 115 (Mo.App.1976).

On May 24, 1978, appellant filed a motion pro se to set aside his conviction. Recognizing that the pro se motion was one which "reaches the nadir of insufficiency", the trial court appointed the office of Public Defender to represent appellant for the limited purpose of amending the motion. That was done, and the trial court took up the amended motion without an evidentiary hearing and ruled that the motion, files and records in the case, including *State v. Rose*, supra, and *Rose v. Wyrick*, No. 77–0901–CV–W–4 (W.D.Mo.), in which a petition for a writ of habeas corpus was denied on May 8, 1978, conclusively showed that appellant was entitled to no relief.

Although the amended motion under Rule 27.26 specified four grounds for relief, only the denial of one ground is presented on this appeal: "The trial court erred in denying appellant's motion to vacate without a hearing insofar as appellant's allegations of ineffective assistance of counsel were not conclusively resolved by the files and records of the case." In connection with this sole point, the amended motion alleged: "8.c. he was denied his right to effective assistance of counsel when defense counsel, after the Court had quashed the Subpoena Duces Tecum, did not take steps to serve Detective Clavin again with the subpoena." The facts of this matter appear at page 118 of *State v. Rose*, supra, which, paraphrased, are: Appellant caused a subpoena to be issued to Detective Clavin for the production of 150–200 police photographs which had been shown to witnesses, Mitchell and Stringberg, and for other documents pertaining to pretrial identification procedures of the police department. The subpoena duces tecum was not served upon Clavin, but was left with his department head the evening before trial. Clavin found the subpoena lying on a clipboard at headquarters the night before trial, but stated that he did not have control or possession of the documents sought.

In his motion, appellant, with the aid of appointed counsel (cf. the non-retroactive case of *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), has pleaded the bare, conclusionary allegation that he was denied effective assistance of counsel by counsel's failure to again secure a subpoena [duces tecum]. From what may be gleaned from the facts stated on the appeal, *State v. Rose*, supra, this allegation undoubtedly relates to a failure to procure the 150–200 photographs which were shown to witnesses Mitchell and Stringberg. It is not, however, factually pleaded how the reissuance of the subpoena duces tecum would have aided appellant's defense, as for example, and by this court's indulgence in surmise, that the photographs would have borne upon a claim that there existed impermissible suggestions in the witness' identification procedures. No fact in paragraph 8.c.

of the motion is alleged which, if true, would have entitled appellant to relief under Rule 27.26. See *Smith v. State*, 513 S.W.2d 407, 411[2] (Mo. banc 1974): *Sherrill v. State*, 515 S.W.2d 611 (Mo.App.1974), where the conclusionary allegation was that movant's counsel was ineffective on the ground that five unnamed witnesses were not called on movant's behalf, it being held that an evidentiary hearing was not warranted where there were no allegations as to what the testimony of such witnesses might have been, or that such testimony would have provided a defense. There is nothing here which would have led the trial court to believe that the issuance of a second subpoena duces tecum would have provided a defense which was ignored or overlooked by counsel. The judgment of the trial court is not clearly erroneous, and under the circumstances should be affirmed, Rule 27.26(j).

The judgment is affirmed.

All concur.