Kenneth Gregory BROWN,
Defendant-Movant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 41407.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 13, 1980.

Henry J. Rieke, St. Louis, for defendant-movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Kenneth Gregory Brown appeals from the denial of his Rule 27.26 motion. On October 13, 1977, movant, Brown, pled guilty to robbery first degree, attempted robbery and armed criminal action. He was sentenced to two seven year sentences to run concurrently and one three year sentence to run consecutively. In November of 1978, movant filed his motion to vacate the judgment pursuant to Rule 27.26 alleging ineffective assistance of counsel and that his guilty pleas were not made voluntarily. An amended motion was filed in February of 1979.

After a hearing on the motion, the trial court denied the motion entering its findings of fact and conclusions of law.

Movant's first point is that his attorney did not properly investigate his case in that his attorney failed to locate and interview a witness and failed to file a motion to disqualify the trial judge.

Movant in his second point claims that the trial court erred in accepting his pleas of guilty because his pleas were entered as a result of coercion.

During the proceeding in which movant entered his pleas the trial judge questioned the movant at length concerning all of the offenses charged. The trial judge inquired as to movant's age, educational level and employment experience. The judge repeatedly asked the movant if he understood his questions to which the movant replied that he did. The trial judge asked the movant if he had discussed the charges fully with his attorney and if he understood that the court was not bound by the prosecutors recommendation of punishment. To all these questions, the movant answered in the affirmative. The trial court then informed movant of the procedural safeguards he would waive if he pled guilty and movant indicated that he understood them and consented to their waiver. After the prosecutor told him what the State believed the facts to be in each case the movant admitted that they were true. The movant hesitated only briefly when the trial judge

asked him if he tried to rob a Mr. Brown. When the movant responded that he did not, the judge stated that movant's guilty plea could not be accepted and that jury would be empaneled to hear the case. After several more questions by the judge the movant then stated that he did try to rob Mr. Brown. The judge cautioned him further: "No, I don't want you to change it unless you did (rob Mr. Brown) . . . I want to make abundantly clear to you, if you didn't do this or didn't try to rob this man, we can get a jury and let them listen to Mr. Brown and get the police officer's version and listen to your version and let them make the decision. That's what we've got a jury for. I'm not going to accept your plea if you didn't do this." The movant, from then on, unequivocally admitted his guilt. Before finally accepting the plea the judge examined the movant thoroughly as to the facts of each case and once again asked him if he wished, of his own free will, to plead guilty. The movant stated that he did.[1]

 Movant's own testimony is the only evidence that he was coerced into pleading guilty. He stated during the hearing on the motion that his attorney had told his sisters to try to convince him to plead guilty. Movant did not call any of his sisters to testify. It is apparent from the trial court's judgment that it found the movant's testimony lacked credibility. We defer to this finding as being within the province of the trial court. *Baysinger v. State*, 552 S.W.2d 359, (Mo.App.1977).

This court's review of the matters presented by movant is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j). After a review of the record in the instant case we are convinced that movant did enter his pleas voluntarily and with complete understanding of the proceedings. The trial court did not err in accepting movant's guilty pleas. Movant's second point is ruled against him.

 Movant is precluded from complaining in his first point of ineffective assistance of counsel unless such assistance caused him to enter his guilty pleas involuntarily. Once it has been determined that the movant entered his plea voluntarily the question of whether he received effective assistance of counsel is immaterial. *Jackson v. State*, 572 S.W.2d 181, 182 (Mo.App. 1978).

Judgment affirmed.

CRIST and REINHARD, JJ., concur.

---

1. This case is distinguished from *State v. Williams*, 361 S.W.2d 772 (Mo. banc 1962) and *Morris v. State*, 482 S.W.2d 459 (Mo.1972) relied upon by the movant. In both of those cases, unlike the instant case, the appellate court held the trial court's acceptance of guilty pleas to be reversible error because the judges made no explanation to the defendants of punishment, no determination of the facts of the offenses to which they were pleading guilty and no explanation that those facts could result in their being found guilty.