**James Enlow ANDREWS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42118.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 23, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied Dec. 15, 1980.

Gary L. Robbins, Public Defender, Jackson, for movant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Steven W. Garrett, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Movant appeals from the denial, after an evidentiary hearing mandated by *Andrews v. State*, 581 S.W.2d 436 (Mo.App.1979), of a Rule 27.26 motion for post–conviction relief.

In two separate cases, movant pleaded guilty to jail escape and assault and to felonious stealing. His Rule 27.26 motion challenged the validity of his consecutive sentences of 2 years for jail escape, 10 years for assault, and 3 years for felonious stealing. The motion alleged his sentences breached the plea bargain agreement the court agreed to accept.

Upon the original appeal from the trial court's denial of his motion without a hearing, we affirmed the trial court as to movant's felonious stealing conviction but reversed and remanded for an evidentiary hearing as to movant's convictions for escape and assault. *Andrews v. State, supra.* An evidentiary hearing was mandated as to the escape and assault convictions because of an inconsistency between movant's testimony at the plea hearings indicating he understood he was to be sentenced to a total of fifteen years on all three counts to run consecutively, and a written plea bargain agreement incorporated into the record which suggests that movant's escape charge was to run concurrent with his assault charge amounting to a total sentence of ten years running concurrently.

Now after an evidentiary hearing, movant again contends his plea bargain was breached by the court and that he understood he would receive concurrent rather than consecutive sentences for escape and assault. Our review is limited to the determination whether the trial court's findings, conclusions, and judgment that movant failed to establish grounds for relief by a preponderance of the evidence are clearly erroneous. *Lanphear v. State*, 574 S.W.2d 40, 41[1] (Mo.App.1978).

Movant's testimony at the post–conviction proceeding in derogation of his testimony at the time of his pleas was punctuated with many instances of uncertainty and lack of memory as to what he was told and what he understood the plea bargain agreement to mean. Movant's trial lawyer testified that he informed movant that his plea agreement provided for a fifteen year sentence with the possibility that an unrelated charge in Scott County would run concurrently therewith. Trial counsel further testified that he had hurriedly typed up movant's plea petition, accounting for the inconsistency between testimony at the plea hearing and the signed plea petition.

It is evident from the trial court's judgment that the court found movant's

contradicted testimony lacked credibility. We defer to such finding as being within the province of the trial court. *Brown v. State*, 599 S.W.2d 779, 780[1] (Mo.App.1980). Having reviewed the entire record, we cannot say the trial court clearly erred in ruling the movant had not sustained his burden of proving his Rule 27.26 motion. Rule 27.26(j).

Judgment affirmed.

REINHARD and CRIST, JJ., concur.